## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA,

v.

CASE NO. 8:14-CR-512-T-24TGW

DAVID BROCK LOVELACE.

_____/

## ORDER

This cause is before the Court on:

| Dkt. 141 | Transcript of Motion Hearing of Dec. 13, 2018 |
| Dkt. 152 | Motion to Suppress |
| Dkt. 153 | Motion to Dismiss |
| Dkt. 158 | Transcript of Motion Hearing of May 8, 2019 |
| Dkt. 161 | Response |
| Dkt. 166 | Transcript of Status Conference of Dec. 14, 2018 |
| Dkt. 168 | Report and Recommendation |
| Dkt. 169 | Reply |

Defendant David Brock Lovelace, pro se, made an oral Motion to Suppress
and an oral Motion to Dismiss at the hearing before Magistrate Judge Thomas G.
Wilson on May 8, 2019. (Dkt. 168). The Government filed a Response to the
Motions. (Dkt. 161). Magistrate Judge Wilson has entered a Report and
Recommendation in which it is recommended that the Motions be denied.
(Dkt. 168).

Defendant Lovelace has not filed an Objection to the Report and
Recommendation but has filed a Reply to the Response. At the status
conference on June 11, 2019, the Court inquired as to any additional

objections to the Report and Recommendation. Defendant Lovelace did
not assert any objection to the Report and Recommendation.

I.    Motion to Suppress Complaint

Defendant Lovelace moved to suppress the Complaint, and/or
subsequent Indictment based on the alleged false statement that "A subsequent
investigation has established probable cause to believe that Lovelace is engaged
in a cash-for-patients kickback scheme involving clinical laboratory testing..."
(Dkt. 1, par. 18, pp. 7-8; Dkt. 158, p. 10).   Defendant Lovelace cites the definition
of remuneration in 42 C.F.R. Sec. 411.351.  (Dkt. 158, p. 12).  Defendant Lovelace
argues that money was paid for patient information, and the furnishing of items, devices,
or supplies that are used solely for one or more of the following purposes,
for ordering tests or procedures for the entity  furnishing items, devices, or supplies.
(Dkt. 158, p. 13).  Defendant Lovelace argues that there is no probable cause and it
is false to say that it is illegal behavior. (Dkt. 158, p. 13).  In summary, there is a
false statement in the Complaint that is necessary for the presence of probable
cause.  (Dkt. 158, p. 14).

Defendant Lovelace asserts that the Complaint allowed the Government to
obtain an indictment after the fact. (Dkt. 158, p. 15).  Defendant Lovelace admits
that there is no statement or physical evidence that Defendant Lovelace is
seeking to suppress.  The Motion to Suppress is directed only to the Complaint
(Dkt. 1) and/or the Indictment (Dkt. 24).  (Dkt. 158, p. 15).

II.    Motion to Dismiss Indictment With Prejudice

Defendant Lovelace moved to dismiss the Indictment with prejudice

2

for violation of Defendant Lovelace's Sixth Amendment right to speedy trial.

Defendant Lovelace argues that he asserted his right to a speedy trial
on December 13, 2018. (Dkt. 158, p. 15). Defendant Lovelace cites
*Barker v. Wingo*, 407 U.S. 514 (1972)(defendant can assert right to speedy trial
at any point during case), and *U.S. v. Knight*, 562 F.3d 1314 (11th Cir. 2009)
(pretrial delay becomes prejudicial as it approaches one year; Sixth Amendment
right attaches at time of arrest, or indictment, whichever occurs first, and proceeds to
date of trial). (Dkt. 158, pp. 16-17). Defendant Lovelace contends that he is three
and one-half years into a prejudicial delay of Defendant's Sixth Amendment right to
a speedy trial. Defendant Lovelace contends that he meets all four prongs of the
test for violation of the Sixth Amendment right to a speedy trial, and therefore the
Court should dismiss this case with prejudice. (Dkt. 158, p. 18).

III. Response

A. Motion to Suppress

The Government responds that the Criminal Complaint does not
contain false allegations concerning Defendant Lovelace's criminal activity.
The Government asserts that Defendant Lovelace is incorrect in arguing that
the affidavit contains a false statement of the law, specifically in asserting that his
activities were not in violation of the law because it was "perfectly allowable for
[him] or for anybody to pay for the furnishing of the swabs to collect the saliva."
(Dkt. 158 at 12:11-13;14).

The Government further argues that the Indictment (Dkt. 24) is the operative

3

charging document, not the Criminal Complaint (Dkt. 1). Since Defendant Lovelace
has been charged by indictment, Defendant Lovelace's Motion to Suppress
is without merit. *Augustin v. United States*, 2018 WL 4323913, *9 (E.D. Tenn.
Sept. 10, 2018)(unpublished).

The Government further argues that if the Court construed Defendant's
Motion as a motion to dismiss the indictment, there is no legal infirmity in the indictment.
*United States v. Belcher*, 927 F.2d 1182, 1185 (11th Cir. 1991).

The Government further argues that in the Motion to Suppress, Defendant
Lovelace essentially argues that the affidavit supporting the Complaint ignored an
affirmative defense, that it was legal to provide certain medical supplies to medical
clinics for their use in collecting the swab specimens.

The Government asserts that Defendant Lovelace relied on the definition
of "remuneration" in 42 C.F.R. Sec. 411.351, but that is a regulation concerning a
statutory exclusion (42 U.S.C. Sec. 1395nn(h)(1)(C)(ii)) from the definition of
remuneration in a different statute, the Stark Law. *See* Pub. Law No. 101-239.
103 Stat. 2106 (1989). The Government notes that it is accurate that the Stark
Law excludes the provision of biological test supplies from the definition of improper
remuneration. The Government also notes that the Anti-Kickback Statute does
not include a similar exclusion for the provision of certain items, devices or
supplies. 42 U.S.C. Sec. 1320a-7b(b)(3). The Government argues that the
only carve-outs for remuneration under the Anti-Kickback Statute are the specific
statutory exceptions and regulatory safe harbors under the Anti-Kickback Statute,
and the statutory exceptions to the definition of remuneration under the Stark Law
do not have any impact on the definition of remuneration under the Anti-Kickback
Statute.

4

The Government further argues that the safe harbor that Defendant Lovelace identifies would not insulate Defendant Lovelace's conduct in paying illegal cash kickbacks to the clinics in return for the specimens they collected. Defendant Lovelace is not charged with paying remuneration in the form of the provision of biological test supplies, but with paying remuneration in the form of cash kickbacks in violation of the Anti-Kickback Statute, and there is no safe harbor for kickbacks.

B. Motion to Dismiss Indictment With Prejudice

The Government argues that Defendant Lovelace's Motion to Dismiss the Indictment with prejudice is without merit and should be denied.

The Government recognizes that the four-part test in *Barker v. Wingo*, 407 U.S. 514, 530 (1972) applies to the Court's consideration of the alleged violation of Defendant's Sixth Amendment right to speedy trial:

1. the length of the delay;
2. the reason for the delay;
3. whether and how Defendant asserts his right;
4. any resulting prejudice to Defendant caused by the delay.

The Government notes that Defendant Lovelace was arrested on November 14, 2014 on the Complaint. At Defendant Lovelace's initial appearance on November 17, 2014, Defendant Lovelace was detained and determined to be in violation of his bond in Case No. 8:14-CR-464-T-23AAS. A grand jury returned an Indictment on December 10, 2014.

The Government notes that Defendant Lovelace argues that the delay from his arrest and indictment to the start of his trial, approximately 4.5 years,

5

is presumptively prejudicial and triggers *Barker* analysis. The Government recognizes that courts have held that a delay becomes "presumptively prejudicial" as it approaches one year. *United States v. Schlei*, 122 F.3d 944, 987 (11th Cir. 1997).

The Government argues that, although a *Barker* analysis is triggered by presumptively prejudicial delay, Defendant Lovelace's argument fails the remaining three prongs of the *Barker* test.

At the outset, the Government argues that Defendant Lovelace personally requested or consented to each and every delay since his indictment either by signed waiver of his speedy trial rights and/or by orally waiving those rights in open court and filing motions to continue the trial.

The Government further argues that the ostensible reason for the delay in this case is attributable to Defendant's desire to defend himself on one case at a time, i.e. to focus on his defense at trial in Case No. 8:14-CR-464-T-23AAS and to pursue his appeal without having to defend himself in this case at the same time.

The Government further argues that at the May 8, 2019 hearing, Defendant Lovelace claimed he asserted his right to a speedy trial before this Court in a hearing on December 13, 2018. The Government argues that nothing in the record reflects Defendant Lovelace's assertion of his right to speedy trial at any time since his indictment. The Government argues that a defendant has the responsibility for asserting a speedy trial claim, and a defendant's failure to assert his constitutional right to speedy trial is weighed heavily against the defendant.

The Government further argues that Defendant Lovelace cannot establish

6

that Defendant Lovelace was prejudiced by the delay. Defendant Lovelace did not argue actual prejudice from: 1) oppressive pre-trial incarceration; 2) anxiety and concern of the defendant; and 3) the possibility that his defense will be impaired by the delay. In this case, there is no oppressive pre-trial incarceration because Defendant Lovelace violated his bond and continued his criminal activity; in addition, Defendant is in custody because he was sentenced to serve 174 months upon his conviction in the first trial.

The Government argues that Defendant Lovelace cannot demonstrate that he suffered anxiety and concern over the criminal charges, in light of the fact that Defendant Lovelace continued his criminal conduct while free on bond in the first case.

The Government further argues that Defendant Lovelace has made no argument that his defense will be prejudiced as a result of the delay. At the hearing on May 8, 2019, Defendant Lovelace admitted he is not prejudiced by the delay due to the unavailability of witnesses. Defendant Lovelace told the Court that he had no witnesses to call. (Dkt. 159, p. 19).

Based on the above arguments, the Government requests that Defendant Lovelace's Motion to Dismiss be denied.

IV.     Reply

Defendant Lovelace requests leave to Reply to the Government's Response. Defendant Lovelace argues that the Government made a false statement on page 10 of the Response when the Government wrote "nothing in

the record reflects Lovelace's assertion of his right to speedy trial at any time since his indictment." Defendant Lovelace points out that a transcript of the December 13, 2018 Motion Hearing has been filed. (Dkt. 141).

After consideration, the Court grants Defendant Lovelace's request for leave to file a Reply, and will consider the argument within the Reply.

The Court includes below an excerpt of the Transcript of the Motion Hearing of December 13, 2018, and an excerpt of the Transcript of the Status Conference of December 14, 2018 before Judge Kovachevich:

A.  Motion Hearing before Honorable Thomas G Wilson,
    United States Magistrate Judge, on December 13, 2018
    Dkt. 141    Transcript

...

**The Court:** Okay. Anything further we need to address?

**Mr. Michelich:** Not for the Government, Your Honor. Thank you.

**The Defendant:** I'd like to assert my right to a speedy trial. I'd also like to ask for mandatory dismissal under Eleventh Circuit precedent.

**The Court:** The first thing I'll tell you is one of the rules of this Court is any motion you make has to be in writing, so you have to comply with that rule, and you can tell Judge Kovachevich tomorrow of your demand for a speedy trial. I think there was, as I recall, I think the docket entry there's a waive through, I don't know, July of next year.

**Mr. Michelich:** That is correct. The Defendant has waived speedy trial through the end of July.

**The Court:** He can un-waive it.

8

**The Defendant:** I can assert speedy trial at any time and I can't waive the Sixth Amendment right under the Eleventh Circuit precedent, U.S. versus Knight, 2009.

(Dkt. 141, p. 13).

**The Court:** What did you say, you can't waive what?

**The Defendant:** I can't waive my Sixth Amendment right to a speedy trial.

**The Court:** Okay. Well, as a matter of fact you're' correct, and if this were Judge Merryday's case, he deals with those kinds of waivers differently than other judges around here. The point is you're going to see Judge Kovachevich tomorrow. You can tell her that you no longer waive it until whatever July was, so the ball is in your Court. But any other motion other than the local rules, it has to be in writing among other things, but that's one of the rules you have to comply with.

**Ms. Barror:** And, Your Honor, for inmates you would allow, because I don't know if the county jail if he's going to have access to a computer where you—just are handwritten.

**The Court:** We don't know. Typically they file handwritten stuff on paper, but I'm not sure where he's going to be, because we've gotten word from the Marshals that Pinellas County is overpopulated and so they're having some issue with that and Defendants are going to have to be put in Citrus County. My

(Dkt. 141, p. 14).

Impression is that they have a little better facility. You've been there, I'm sure.

(Dkt. 141, p. 15).

...

Case No. 8:14-CR-512-T-24TGW

B.     Status Conference before Honorable Elizabeth A. Kovachevich,
       United States District Judge, on December 14, 2018

       Dkt. 166     Transcript

                    ...

**Mr. Michelich:**  I have one last request. I know we have limited time. And
                    I was looking at the docket entry. Docket Entry 116, Your
                    Honor said if a written waiver of speedy trial is filed prior
                    to the status conference that Your Honor had scheduled
                    last August –

**The Court:**      Yes.

**Mr. Michelich:**  –that then Your Honor would exclude that time. Then
                    there was a written waiver that Ms. Barror filed, and it was
                    signed by the defendant. And that is now at Docket Entry
                    No. 118.

**The Court:**      But that waived it until July of —

**Mr. Michelich:**  To the end of July 2019. However, there is not
                    a subsequent docket entry from Your Honor making
                    the necessary findings under paragraph (7)(A), that it
                    is in the interest of justice. And I know that's what Your
                    Honor was thinking.

**The Court:**      All right. Are you renewing that motion right now? Are
                    you renewing the motion for the Court to have a
                    waiver of speedy trial by you in the charges in this case
                    through the end of July 2020? Yes or nor?

**The Defendant:**  Yes.

**The Court:**      All right. The Court will grant that motion, ends of justice,
                    3161(h)(7)(A) is granted, and the excludable time applies,
                    until the end of July, 2019. And

(Dkt. 166, p. 11)

10

we're having you back the 1st of February.

Anything else you want, John?

**Mr. Michelich:** No. Thank you, Your Honor, very much.

**The Court:** Thank you. And I'm not meaning to ignore you. I'm just trying to concentrate on him right now.

All right. Now, I'm concerned about you having that computer and the rest of it.

I want a report on that. You make it to Sonya so that I know, my courtroom deputy.

**Deputy U.S. Marshal:** Yes. Your Honor.

**The Court:** All right. Anything else?

**Ms. Barror:** You want the defendant to make the report to Sonya, Your Honor, or the marshals?

**The Court:** No. I want you to do it and the marshals.

**Ms. Barror:** Okay.

**The Court:** I want you to do it as an officer of the Court. It's easier for you to make the report that he does, in fact, have the equipment available to him.

And then the clock is running for the 30 days for you to do what you need to do. Okay?

**The Defendant:** Okay.

**The Court:** All right everybody? Fine. Anything

(Dkt. 166, p. 12)

else right now? You're coming back the 1st of February.

11

**The Defendant:** I mean, all this is violative of the Constitution. I mean, you have mandatory dismissal under Rule 48(b) of the Federal Rules of Criminal Procedure right now.

**The Court:** I've got to have a motion with regard to that. You're going to have to have motions in front of me; sir. I understand you have your position. But I'm going to have to look at the paperwork. It's going to have to be entered. They have a chance to respond to it. I know this is to some extent new and to some extent old, because you've been through a case with Judge Merryday. But I've got to take care of that, okay?

**The Defendant:** There's nothing in the Constitution about local rules of the Middle District of Florida.

**The Court:** Right. I noticed that when I read the Constitution myself. You have to go to law school to be affected by all of this, okay? All right. Don't worry about it. We'll take care of this in February. All right? Get your papers filed. That's all on this one. You're done for now.

**Mr. Michelich:** Thank you, Your Honor.

(Dkt. 166, p. 13).

V.    Report and Recommendation

Defendant Lovelace's Motions were referred to Magistrate Judge Wilson based on Defendant Lovelace's request to present his Motions orally. Magistrate Judge Wilson conducted a Motion Hearing on May 8, 2019. (Dkt. 158).

The Report and Recommendation includes statements of fact that are drawn from the record. Magistrate Judge Wilson did not conduct an evidentiary hearing. The statements of fact are included in the Report and Recommendation to provide the context for Defendant's Motions and are not the resolution of disputed facts.

A.    Motion to Suppress

In the Report and Recommendation, Magistrate Judge Wilson notes that:
1) the Indictment supercedes the Criminal Complaint, and 2) Defendant Lovelace
acknowledged that no statements or physical evidence were seized from Defendant
upon his arrest on the Complaint.   Therefore, there is no evidence to suppress.

Magistrate Judge Wilson determined it was not necessary to address the
Government's argument responding to Defendant's Motion to Suppress that it was
perfectly legal for him to pay cash for DNA swabs and patient information, in order to
resolve Defendant's Motion to Suppress.  Magistrate Judge Wilson concludes the
Motion to Suppress failed at the outset because there is nothing to suppress, and
therefore recommends denial of Defendant Lovelace's Motion to Suppress.

B. Motion to Dismiss Indictment With Prejudice

In the Report and Recommendation, Magistrate Judge Wilson recognized
that the Court considers four factors in determining whether there has been
a violation of a defendant's Sixth Amendment right to a speedy trial. *See Barker v.
Wingo*, 407 U.S. 514, 530 (1972). (Dkt. 168, p. 16).  Magistrate Judge Wilson
further notes:

> The length of the delay must be "presumptively prejudicial" in
> order to trigger an inquiry into the other three factors.  A delay
> is presumptively prejudicial as it approaches one year. *Id*.
>
> On the other hand, even when there is a presumptively
> prejudicial delay, the defendant still retains the burden of proving
> the remaining factors in the speedy trial inquire. *United States
> v. Clark*, 83 F.3d 1350, 1352 (11th Cir. 1996).   Additionally, unless
> the first three *Barker* factors "weigh heavily against the government,"
> a defendant generally must show actual prejudice to satisfy the

> fourth prong of the analysis. *United States v. Register*, 182 F.3d
> 820, 827 (11th Cir. 1999).

At the hearing on May 8, 2019, Defendant Lovelace argued that he
satisfied all four prongs of the *Barker* test. Magistrate Judge Wilson noted that
Defendant was arrested on a Complaint on November 14, 2014, and was indicted
by a grand jury on December 10, 2014. Magistrate Judge Wilson found that
the time lapse of four and one-half years is presumptively prejudicial for the
purpose of triggering an inquiry into the other three *Barker* factors.

Although Defendant Lovelace argued that the subsequent trial delays
are attributable to the Government, Magistrate Judge Wilson found that the docket
reflects an accumulation of delays that are solely attributable to Defendant Lovelace.
(Dkt. 168, pp., 16-18), and that the delay in this case is not a factor that weighs
against the Government.

As to the next *Barker* factor, "whether and when the defendant asserted
the right to a speedy trial," Magistrate Judge Wilson found that Defendant
Lovelace's assertion of his speedy trial right on December 13, 2018, undercuts
Defendant's implicit contention that he aggressively sought to exercise his right
to a speedy trial. Magistrate Judge Wilson found that any delay following
Defendant's purported assertion of his speedy trial right was attributable to
Defendant Lovelace, and this factor does not weigh against the Government.
(Dkt. 168, pp. 19-20).

As to the final **Barker** factor, Magistrate Judge Wilson found that
Defendant was not able to make a single argument that the delay in
his trial resulted in actual prejudice to Defendant Lovelace. Magistrate Judge Wilson
observed that Defendant Lovelace did not express anxiety at the hearing, nor did

14

Defendant Lovelace demonstrate in any way the conditions under which he was held, or the length of his confinement, rendered the delay a constitutional violation. (Dkt. 168, pp. 21-22).

Magistrate Judge Wilson concluded that Defendant Lovelace has not shown his Sixth Amendment constitutional right to speedy trial was violated, and therefore recommends that the Motion to Dismiss be denied. (Dkt. 168, p. 23).

VI.     Discussion

A.     Standard of Review

Under the Federal Magistrates Act, Congress vested Article III judges with the power to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," subject to various exceptions. 28 U.S.C. 636 (b)(1) . The Act further vests magistrate judges with authority to submit proposed findings of fact and recommendations for disposition by an Article III judge. 28 U.S.C. Sec. 636(b)(1)(B). "Within fourteen days after being served with a copy [of a magistrate judge's Report and Recommendation], any party may serve and file written objections to [the magistrate judge's] proposed findings and recommendations." 28 U.S.C. Sec. 636(b)(1). On review by the district court, "the court shall make a de novo determination of those portions of the report...to which objection is made." *Id*.

As the Eleventh Circuit Court of Appeals has explained, a party's objections must "specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d

15

815, 822 (11th Cir.1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Id* at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir.1984)).

In this case, the Court found it was necessary to shorten the time for filing an objection to the Report and Recommendation. Defendant Lovelace did not file an objection to the Report and Recommendation. At the status conference on June 11, 2019, the Court again inquired as to any objections to the Report and Recommendation Defendant Lovelace wanted to raise. Defendant Lovelace did not raise any objections at that time.

B.    Motion to Suppress

Defendant Lovelace has not filed  any objection to the Report and Recommendation as to Defendant's Motion to Suppress. The Court has independently reviewed the record. After consideration, the Court adopts and incorporates the Report and Recommendation, and denies Defendant's Motion to Suppress.

C.    Motion to Dismiss Indictment With Prejudice

Defendant Lovelace has not filed any objection to the Report and Recommendation as to Defendant's Motion to Dismiss. The Court has independently reviewed the record.    After consideration, the Court adopts and incorporates the Report and Recommendation, and denies Defendant's Motion to Dismiss Indictment With Prejudice.

Defendant Lovelace's Reply was filed after the Report and Recommendation.  In Defendant Lovelace's Reply, Defendant Lovelace argues

16

that he did raise his Sixth Amendment right to a speedy trial at the Motion Hearing
on December 13, 2018.

To the extent that Defendant Lovelace's Reply could be construed
as an objection to the Report and Recommendation, the Court overrules it.
The Report and Recommendation reflects that Magistrate Judge Wilson knew
that Defendant Lovelace asserted his speedy trial right on December 13, 2018,
and that Magistrate Judge Wilson considered Defendant's assertion in
the context of "whether and when the defendant asserted his right to a speedy trial,"
the third *Barker* factor.

The Court notes that Defendant Lovelace did assert his Sixth Amendment
right to speedy trial before Magistrate Judge Wilson on December 13, 2018.
Magistrate Judge Wilson directed Defendant Lovelace to assert his Sixth Amendment
right at the Status Conference on December 14, 2019. However, at the Status
Conference on December 14, 2019, when Judge Kovachevich asked Defendant
Lovelace if he wished to renew his motion for the Court to have a waiver of speedy
trial through July, 2019, Defendant Lovelace responded "Yes." Judge Kovachevich
then set another status conference for February 1, 2019. When Defendant Lovelace
asserted a "mandatory dismissal under Rule 48(b) of the Federal Rules of
Criminal Procedure," Judge Kovachevich directed that Defendant Lovelace
file a written motion, in accord with Defendant's renewed waiver of speedy trial.
(Dkt. 166, p. 13). Accordingly, it is

**ORDERED** that the Report and Recommendation (Dkt. 168) is **adopted** and
incorporated by reference. Defendant David Brock Lovelace's Motion to
Suppress (Dkt. 152) is **denied** and Motion to Dismiss Indictment With Prejudice
(Dkt. 153) is **denied**.

17

Case No. 8:14-CR-512-T-17TGW

**DONE and ORDERED** in Chambers in Tampa, Florida on this _1̶2̶_ day of June, 2019.

SUSAN C. BUCKLEW
Senior United States District Judge

Copies to:

All parties and counsel of record

<u>Pro Se</u> Defendant:

David Brock Lovelace
Reg. #60735-018
Pinellas County Jail
14400 49th St. North
Clearwater, FL     33762