AO 245B (Rev 02/18) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | CASE NUMBER: 8:14-cr-512-T-24JSS<br>USM NUMBER: 60735-018 |
| DAVID BROCK LOVELACE (Pro se) | Defendant's Attorney: Darlene Barror, CJA as standby counsel |

THE DEFENDANT:

__X__ was found guilty on counts One and Two of the Indictment after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to pay healthcare kickbacks | November 2014 | One |
| 31 U.S.C. § 5324(a)(3) and (d) | Structuring to avoid reporting requirements | July 18, 2014 | Two |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: October 4, 2019

*/s/ Susan C. Bucklew/*
SUSAN C. BUCKLEW
UNITED STATES DISTRICT JUDGE
DATE: October 4, 2019

AO 245B (Rev 02/18) Judgment in a Criminal Case
Sheet 2 - Imprisonment

Defendant: DAVID BROCK LOVELACE  Judgment - Page 2 of 6
Case No.: 8:14-cr-512-T-24JSS

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **SEVENTY (70) MONTHS** this consist of SIXTY (60) MONTHS as to Count One and TEN (10) MONTHS as to Count Two, all such terms to run consecutively and to run consecutive to sentencing imposed in docket number 8:14-cr-164-T-23AAS.

X  The court makes the following recommendations to the Bureau of Prisons: Confinement at FCI Forrest City, Arkansas.

X  The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

Defendant delivered on _____ to _____

at_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev 02/18) Judgment in a Criminal Case
Sheet 3 - Supervised Release

Defendant: DAVID BROCK LOVELACE
Case No.: 8:14-cr-512-T-24JSS

Judgment - Page 3 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS as to Counts One and Two, all such terms to run concurrently.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    X    The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.
4. You must cooperate in the collection of DNA as directed by the probation officer.

You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

AO 245B (Rev 02/18) Judgment in a Criminal Case
Sheet 3A - Supervised Release

Defendant: DAVID BROCK LOVELACE
Case No.: 8:14-cr-512-T-24JSS

Judgment - Page 4 of 6

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**
A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at the www.uscourts.gov.

Defendant's Signature _____                    Date _____

AO 245B (Rev 02/18) Judgment in a Criminal Case
Sheet 3D - Supervised Release

| | |
|---|---|
| Defendant: DAVID BROCK LOVELACE<br>Case No.: 8:14-cr-512-T-24JSS | Judgment - Page 5 of 6 |

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

X    You must provide the probation officer access to any requested financial information.

X    You are prohibited from incurring new credit charges, opening additional lines of credit, acquisitions or obligating himself for any major purchases without approval of the probation officer.

X    You must submit to a search of his person, residence, place of business, storage units under your control, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. You shall inform any other residents that the premises may be subject to a search pursuant to this condition. Failure to submit to a search may be grounds for revocation.

AO 245B (Rev 02/18) Judgment in a Criminal Case
Sheet 5/6 - Criminal Monetary Penalties & Schedule of Payments

Defendant: DAVID BROCK LOVELACE
Case No.: 8:14-cr-512-T-24JSS

Judgment - Page 6 of 6

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

|        | Assessment | JVTA Assessment * | Fine   | Total Restitution |
|--------|------------|-------------------|--------|-------------------|
| Totals:| $200.00    | N/A               | Waived | Deferred          |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

__X__  Lump sum payment of $ 200.00 due immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

__X__  The defendant shall forfeit the defendant's interest in the following property to the United States:

**[SEE ATTACHED ORDER OF FORFEITURE DKT #212]**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.     Case No. 8:14-cr-512-T-17TGW

DAVID BROCK LOVELACE

### ORDER OF FORFEITURE

David Brock Lovelace was found guilty of the offense charged in count one of the indictment, a violation of 18 U.S.C. § 371, and the offense charged in count two of the indictment, a violation of 31 U.S.C. § 5324(a)(3). The United States of America has established that Lovelace obtained $ 672,350 in proceeds as a result of the offense charged in count one.

The United States moves (Doc. 211), under 18 U.S.C. § 982(a)(1) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, for the entry of an order of forfeiture in the amount of $1,566,113.82. The motion is GRANTED, and Lovelace is liable for an order of forfeiture in the amount of $ 672,350 which is final as to Lovelace.

The proceeds of the offense were transferred to third parties, and the United States cannot locate the proceeds upon the exercise of due diligence. Accordingly, under 21 U.S.C. § 853(p), the United States may seek, as a

substitute asset in satisfaction of this judgment, forfeiture of any of Lovelace's property not exceeding the value of the $672,350 order of forfeiture.

The court retains jurisdiction to entertain any third-party claim that may be asserted and to enter any order necessary to the forfeiture and disposition of any substitute asset.

ORDERED in Tampa, Florida, on Oct. 4, 2019.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
UNITED STATES DISTRICT JUDGE

Copies to:
JAMES A. MUENCH, AUSA
Counsel of Record

2